**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS PERFINO; JESS ZURANICH, | No. 10-17057 |
| Plaintiffs - Appellants, | D.C. No. 2:09-cv-00833-GEB-KJM |
| v. | |
| STATE OF CALIFORNIA DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL; STEVE HARDY, Ex Officio; ELIZABETH GRAZIA, Director; LORI AJAX, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Submitted November 17, 2011[**]
San Francisco, California

Before: HAWKINS, McKEOWN, and M. SMITH, Circuit Judges.

Plaintiffs-appellants Perfino and Zuranich (collectively "Perfino") claim that

due to incorrect, preliminary advice provided by the Department of Alcoholic

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Beverage Control ("ABC"), their then business partner, Juan Ayala, dissolved their partnership, and withdrew an application to transfer a liquor license to the partnership. Perfino filed numerous claims against ABC and its employees and now appeals the district court's award of summary judgment to ABC on his equal protection claim, dismissal of the remaining claims, and denial of his motion for reconsideration. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo* the grant of a motion to dismiss and a motion for summary judgment. *Alaska Right to Life Political Action Comm. v. Feldman*, 504 F.3d 840, 848 (9th Cir. 2007). "[R]eview of a denial of a motion to reconsider is for abuse of discretion." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

We do not reach the merits of Perfino's claims as he fails to show (or even allege) that ABC employees proximately caused his injuries. As the district court noted in its summary judgment ruling, it was "Ayala's withdrawal of his application . . . [that] prevented" Perfino from obtaining the license, rather than any action of ABC.

Proximate cause does not exist when "reasonable persons could [not] differ over the question of foreseeability." *Conn v. City of Reno*, 591 F.3d 1081, 1101 (9th Cir. 2010), *vacated on other grounds*, 131 S. Ct. 1812 (2011), *reinstated in relevant part*, 658 F.3d 897 (9th Cir. 2011). Here, it is undisputed that two weeks

into the investigation, a field official provided preliminary advice, which allegedly resulted in Ayala withdrawing the application before the necessary paperwork was even submitted. It was not foreseeable that this preliminary but erroneous advice, without some more definitive agency action, would result in the damages claimed by Perfino.

Although Perfino brings a number of claims, because he fails to allege or provide evidence to establish that ABC was the proximate cause of his injuries, all of these claims fail. The district court correctly dismissed the multiple state and federal claims, entered summary judgment on the remaining equal protection claim, and denied the motion for reconsideration.

**AFFIRMED.**